NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GUY W. PARKER (DOING BUSINESS AS PARKER INTERNATIONAL),**

*Appellant,*

v.

**MICHAEL B. DONLEY, SECRETARY OF THE AIR FORCE,**

*Appellee.*

---

2010-1153

---

Appeal from the Armed Service Board of Contract Appeals in No. 56742, Administrative Judge Monroe E. Freeman, Jr.

---

Decided: June 9, 2009

---

GUY W. PARKER, of Poway, California, pro se.

MATTHEW H. SOLOMSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for appellee. With him on the brief were TONY WEST, Assistant Attorney

General, JEANNE E. DAVIDSON, Director, and KIRK T.
MANHARDT, Assistant Director.

---

Before BRYSON, SCHALL, and GAJARSA, *Circuit Judges*.

PER CURIAM.

This is an appeal of a government contract case from
the Armed Service Board of Contract Appeals ("Board").
Guy W. Parker appealed the denial of two claims for
payment of invoices for services provided pursuant to a
contract with the government. The Board dismissed Mr.
Parker's appeal for lack of jurisdiction. *Guy W. Parker
dba Parker International*, ASBCA No. 56,742, 09-2 B.C.A.
P 34,260 (2009). Mr. Parker appeals to this court from
that decision. At issue is whether the Board correctly
dismissed Mr. Parker's case because the appeal of one of
Mr. Parker's claims was untimely and because Mr. Parker
failed to request and obtain a final decision by a contract-
ing officer on his other claim pursuant to the Contract
Disputes Act ("CDA"). 41 U.S.C. §§ 601--13. For the
reasons explained below, we affirm the decision of the
Board.

## BACKGROUND

On March 22, 2004, the United States Air Force ("Air
Force") entered into Contract No. FA8621-04-D-6250 ("the
Contract") with Mr. Parker. Under the terms of the
Contract, Mr. Parker was to provide a software use li-
cense, software enhancements, and other supporting
services to the USAF for the Predator MQ-1 Unmanned
Aerial Vehicle Multi-Task Trainer ("PMTT"). The Con-
tract could have been renewed for up to four additional
one-year periods through the issuance of annual delivery
orders by the contracting officer.

On February 15, 2006, contracting officer Betty W. Clingerman informed Mr. Parker that the Air Force would not be placing any additional delivery orders under the Contract following calendar year 2006. Ms. Clingerman further cautioned Mr. Parker "not to do any work outside the scope of the current Delivery Order, D004." In subsequent correspondence, Mr. Parker was informed that any issue relating to his contract should be addressed to contracting officer Clingerman.

On May 2, 2007, Mr. Parker submitted a certified claim for payment of Invoice SER 0805 to contracting officer Michael Grove and to two administrative contracting officers ("ACOs") at the Defense Contract Management Agency ("DCMA"), allegedly for service rendered to update a version of the PMTT software installed at two Air Force bases for the period of April 1 to December 22, 2006. On June 27, 2007, Ms. Clingerman, the contracting officer assigned to the Contract, rendered a final decision denying the certified claim in full on the ground that the upgrade was not part of the current delivery order and advising Mr. Parker that he could either appeal to the Board within 90 days of his receipt of the final decision or bring an action directly in the United States Court of Federal Claims within 12 months of his receipt of the final decision. Although Mr. Parker received that final decision on June 30, 2007, he did not file his notice of appeal to the Board until February 6, 2009.

On January 19, 2009, Mr. Parker forwarded a Certified Claim and Invoice SER 9-11 to various contracting officers at the Defense Finance Accounting Service and DCMA, but not to Ms. Clingerman. In that invoice, Mr. Parker sought payment of a total of $1,518,000, allegedly for "use of the [PMTT]" for calendar years 2007 and 2008. On January 26, 2009, an administrative contracting

officer rejected Invoice SER 9-11.  The ACO's rejection letter did not state that it was a final decision.

On February 6, 2009, Mr. Parker submitted a notice of appeal to the Board, primarily challenging the denial of certified claims relating to Invoice SER 0805 and Invoice SER 9-11, but also pursuing a variety of other nonmonetary "[r]equest[s]."

With respect to Mr. Parker's appeal relating to Invoice SER 0805, the Board, *sua sponte*, ordered Mr. Parker to show cause why his appeal should not be dismissed as untimely.  After considering Mr. Parker's submissions to the Board in response to the show cause order, the Board found that "[t]here is no evidence of timely appeal of the [final decision] by [Mr.] Parker either to this Board or to the Court of Federal Claims."

With respect to Invoice SER 9-11, the Board found that the SER 9-11 invoice "did not expressly refer to the CDA or the Disputes clause of the Contract, or use the word 'claim,' or request a contracting officer's final decision on the invoice . . . ."  Accordingly, the Board dismissed Mr. Parker's appeal for lack of jurisdiction on September 21, 2009.  In doing so, the Board also concluded that Mr. Parker's other "[r]equest[s]" likewise were not submitted to the contracting officer as part of any CDA claim.  This appeal followed.

## DISCUSSION

We review decisions of the Board on questions of law de novo.  41 U.S.C. § 609(b); *Randa/Madison Joint Venture III v. Dahlberg*, 239 F.3d 1264, 1269 (Fed. Cir. 2001).  Whether or not the Board had jurisdiction is a question of law.  *Transamerica Ins. Corp. v. United States*, 973 F.2d 1572, 1576 (Fed. Cir. 1992).  The Board's decisions on questions of fact are deemed final, unless found to be

arbitrary, capricious, fraudulent, so grossly erroneous as to suggest bad faith, or unsupported by substantial evidence. 41 U.S.C. § 609(b); 239 F.3d at 1269.

With respect to Invoice SER 0805, Mr. Parker's appeal was untimely. Section 606 of the CDA authorizes a contractor to appeal the final decision of a contracting officer to an agency board of contract appeals within 90 days of the contractor's receipt of the decision. 41 U.S.C. § 606. Mr. Parker does not appear to challenge the Board's finding that his claim relating to Invoice SER 0805 was denied in a final decision of contracting officer Clingerman on June 27, 2007 and that there is no evidence of a timely appeal being filed by Mr. Parker either to the Board or to the Court of Federal Claims. Rather, Mr. Parker appears to dispute Ms. Clingerman's authority as a contracting officer. The Board found that "argument is without merit," since the record clearly indicates that Ms. Clingerman has been a duly appointed contracting officer and has performed contracting officer duties on Contract 6250 since 2005. Accordingly, the Board properly dismissed Mr. Parker's appeal as time-barred. *See, e.g.*, *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1380-81 (Fed. Cir. 2007); *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1391 (Fed. Cir. 1982) (upholding dismissal of an appeal filed outside of the 90-day statutory period for appealing a final decision to a board of contract appeals).

With respect to Invoice SER 9-11, Mr. Parker did not submit a CDA claim to the contracting officer for payment of that invoice prior to the filing of his appeal. The CDA sets forth a detailed process that a contractor must follow prior to either filing an appeal with the Board or initiating suit in the Court of Federal Claims. *See* 41 U.S.C. §§ 605(a)-(c). In particular, "[a]ll claims by a contractor against the government relating to contract shall be in

writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). As the Board noted, Invoice SER 9-11 did not include an express request for the contracting officer's final decision under the CDA. The Board further found that Mr. Parker deliberately avoided submitting the invoice to the correct contracting officer, Ms. Clingerman. In any event, Invoice SER 9-11 cannot be considered a proper CDA "claim" because an invoice is a classic example of a submission that, standing alone, cannot constitute a CDA claim. *See, e.g., James M. Ellett Const. Co., Inc. v. United States*, 93 F.3d 1537, 1542 (Fed. Cir. 1996); *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1577-78 (Fed. Cir. 1995) (*en banc*); Federal Acquisition Regulation 2.101 (providing that an "invoice, or other routine request for payment that is not in dispute when submitted is not a claim").

Therefore, we affirm the decision of the Board dismissing the claims for lack of jurisdiction because the Board correctly dismissed Mr. Parker's appeal relating to Invoice SER 0805 as untimely and the Board also correctly dismissed Mr. Parker's appeal relating to Invoice SER 9-11 on the ground that Mr. Parker failed to submit a CDA claim to the contracting officer seeking a final decision for that invoice's payment.

No costs.

**AFFIRMED**