ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Elham Ahmadi Construction Company ) | ASBCA No. 61031 |
| ) | |
| Under Contract No. W5KA4N-11-C-0009 ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Mohammad Hassan
                                                                       Director

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                                                            Army Chief Trial Attorney
                                                                            MAJ Christopher M. Coy, JA
                                                                            Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCNULTY
ON THE GOVERNMENT'S MOTION TO DISMISS

The appeal arises from a termination for default of a construction contract for work to have been performed in Afghanistan. The government filed a motion to dismiss for failure to state a claim based upon appellant not having submitted a timely appeal.[1] We determine, that, because appellant has submitted no timely appeal of a contracting officer's final decision, we lack jurisdiction to consider the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 20 October 2010, Contract No. W5KA4N-11-C-0009 was awarded to appellant by the Herat Regional Contracting Office, Camp Stone, for work to be performed in Afghanistan. The contract required that performance be completed within 45 days after contract award. The contract was in the amount of AFN12,095,945.76, corresponding to approximately $246,265.00 at the exchange rates then in effect. (Gov't mot., ex. 1)[2]

---

[1] The government characterized its motion as appellant's failure to state a claim, which would fall under the ambit of FED. R. CIV. P. 12(b)(6). In fact, a motion to dismiss based upon an appellant's failure to submit a timely appeal is a motion to dismiss for lack of jurisdiction. *See Suodor Al-Khair Co-SAKCO for Gen. Trading*, ASBCA Nos. 59036, 59037, 15-1 BCA ¶ 35,964 at 175,727.

[2] No Rule 4 file has been submitted. We rely upon documents submitted by appellant with its notice of appeal, the parties' correspondence with the Board and the exhibits the government submitted in support of its motion to dismiss for the record.

2. By Modification No. P00001 dated 16 November 2010 and effective 13 November 2010, the government terminated the contract for cause. The modification indicates that the Federal Acquisition Regulation (FAR) 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION) clause provided the authority for the termination. The basis for the termination was stated to be the contractor's failure to perform, specifically refusal, after several requests, to repair a well and to complete unspecified unfinished work. The modification also stated that it was a final decision of the contracting officer and included the appeal rights language mandated by FAR 33.211. (Gov't mot., ex. 2 at 2)

3. By email received by the Board 27 January 2017, appellant advised it had been awarded the contract and subsequently terminated for default. Appellant also stated that it was claiming $71,500 from the government as compensation for the work it had performed. We view appellant's email as a notice of appeal.

4. Appellant included two emails sent to the contracting officer dated 22 November 2010 and 7 December 2010, with its notice of appeal. The copy received at the Board of the first email is cut off at the right margin so the complete message cannot be read. As received, the message in part states:

> We did our all works per SOW,MAJ Blakeman accepeted
> our works please can you appoint any person to check [cut
> off] only the reason that we terminated this project it was
> COR of this project SSgt Gullen.thats why that we want to
> [cut off] Blakeman about the works that we did i am assure
> you that we did our works per SOW, on 24 Nov 2010 the
> director of company will come to Contracting Office to
> talk about the works that we did. [Spelling errors, syntax,
> punctuation in original]

The second email message in part states:

> Our company expenced about $71500 Dollars on K-Span
> project. please let me know that when the governament will
> pay it. [Spelling errors, syntax, punctuation in original]

5. Under the date of 1 February 2017, we docketed the appeal, sent appellant a copy of the Board's rules and advised appellant that its complaint was due within 30 days of receipt of our notice of docketing.

6. By order dated 3 February 2017, we advised appellant that, pursuant to the Contract Disputes Act, 41 U.S.C. § 7103(a)(1), our jurisdiction is limited to considering appeals from claims first submitted to a contracting officer. We ordered appellant to provide us with a copy of the claim that it had submitted to the contracting officer. The order

2

indicated that if appellant had not submitted a claim to the contracting officer and wished to do so, it should notify us and counsel for the government. Upon such notice the government was directed to provide appellant with the contact information for the contracting officer.

7. Appellant failed to respond to this order. Accordingly, a second order dated 21 February 2017, was issued directing appellant to respond to our first order by 28 February 2017.

8. Appellant also failed to respond to this order, as well as failed to timely file its complaint as specified in Board Rule 6(a). By a third order, dated 7 March 2017, we advised appellant of its failures and directed it again to file a copy of the claim it had submitted to the contracting officer and to file its complaint. We advised appellant that failure to comply with our order could result in an order directing appellant to show cause why the Board should not dismiss the appeal with prejudice for failure to prosecute in accordance with Board Rule 17. We also noted the government had failed to comply with Board Rule 4 and directed the government to transmit the Rule 4 documents within 21 days of the order.

9. The government filed an unopposed motion to extend the filing date for the Rule 4 documents, which was granted.

10. By order dated 4 April 2017, the Board issued an order directing appellant to show cause why the appeal should not be dismissed for failure to prosecute because it had failed to respond to any of the Board's previous orders.

11. The government then filed a motion to dismiss, which was received by the Board on 24 April 2017. The government's motion asserts the appeal should be dismissed for failure to state a claim for which relief can be granted. The motion was supported by 14 exhibits some of which were included in appellant's notice of appeal.

12. Appellant has never responded to the Board's orders or the government's motion.

13. In its motion, the government indicated that appellant had sent a claim to the government's attorneys on 25 February 2017, which had been forwarded to the contracting officer. Included as exhibit 14 to the motion was a copy of the final decision of the contracting officer dated 24 April 2017 denying the claim. The final decision indicates that appellant had submitted a claim seeking $71,500 for the work it had performed under the contract. The final decision states, in pertinent part:

> Modification P00001 to terminate for cause in its entirety
> was also issued on 13 November 2010.... This termination
> was a final decision by the Contracting Officer. EACC
> had 90 days from this final decision to appeal to the

Agency Board of Contract Appeals, or 12 months to bring action directly to the United States Court of Federal Claims. EACC did not appeal to the Agency Board of Contract Appeals or the United States Court of Federal Claim[s]. Moreover, in accordance with FAR 33.206 Initiation of a Claim, EACC did not submit a written claim to the Contracting Officer within the six (6) year statute of limitations.

Therefore, I must reject EACC's claim for $71,500.00.

(Gov't mot., ex. 14) The final decision included the appeal rights language mandated by FAR 33.211.

14. By order dated 2 May 2017, we advised appellant that we had not received any appeal from the contracting officer's 24 April 2017 final decision and that it had 90 days from the date of receipt of the decision to do so. The order also stated that the government's motion indicated that payment of $71,500 had been sought by appellant from the government in an email dated 7 December 2010. We directed the parties to address whether a claim meeting the requirements of the Contract Disputes Act had been filed prior to the filing of ASBCA No. 61031. The order stayed all other proceedings pending the Board's resolution of the issue regarding its jurisdiction of the appeal.

15. The government filed a letter in response to the Board's 2 May 2017 order stating, *inter alia*, that the government did not consider the 7 December email from appellant to constitute a claim. We have received nothing from appellant.

## DECISION

Although not clearly articulated by appellant, we view appellant's notice of appeal as involving two arguments, (1) that the termination was an improper default, and (2) regardless of the propriety of the termination, that it is entitled to be compensated in the amount of about $71,500 for the work it asserts was accepted by the government. Appellant bears the burden of establishing jurisdiction by a preponderance of the evidence. *Kandahar Gravel Supplies and Logistics*, ASBCA No. 60531, 17-1 BCA ¶ 36,688 at 178,631. Appellant has failed to meet this burden. Accordingly, we deny both aspects of the appeal for lack of jurisdiction.[3]

---

[3] Appellant's absolute disregard for our orders would also support a dismissal for failure to prosecute pursuant to Board Rule 17. In this case, however, when a challenge to our jurisdiction had already been raised prior to the events that support a Rule 17 dismissal, we deem it best to decide the jurisdictional issue first.

4

*The Termination for Default*

Jurisdiction is an absolute concept, it either exists or it doesn't. The Board has no discretion with respect to jurisdiction. *Environmental Safety Consultants, Inc.*, ASBCA No. 54615, 07-1 BCA ¶ 33,483 at 165,980. It is well established that without a formal claim and final decision by the contracting officer there can be no appeal under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816; *see also Milmark Services, Inc. v. United States*, 231 Ct. Cl. 954, 956 (1982).

It is not necessary for us to determine whether either of the two emails appellant sent the contracting officer after the termination occurred meet the requirements of a claim contesting the termination under the CDA however, because a termination for default is both a government claim and contracting officer's final decision that can be appealed directly to the Board. *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 763-765 (Fed. Cir. 1987); *see also U.S. Coating Specialties & Supplies, LLC*, ASBCA No. 58245, 15-1 BCA ¶ 35,957 at 175,706. The contracting officer recognized this and in the modification executing the termination included the appeal rights language setting forth the 90-day period appellant had to file its appeal at the Board contesting the propriety of the termination (SOF ¶ 2).

A contracting officer's final decision on a claim is final and conclusive and is not subject to review unless a timely appeal is taken. The 90-day appeal period for filing an appeal to the Board is statutory and may not be waived or extended. Accordingly, a prerequisite to our jurisdiction is the timely filing of an appeal. *Suodor Al-Khair Co-SAKCO for Gen. Trading*, 15-1 BCA ¶ 35,964 at 175,727.

The record establishes appellant did not file its notice of appeal contesting the termination until 27 January 2017 (SOF ¶ 3). This is approximately 6 years after the termination or well beyond the 90-day period the law provides for filing appeals with the Board. Accordingly, we do not have jurisdiction to consider the propriety of the termination. *Parker v. Donley*, 379 F. App'x 980, 982 (Fed. Cir. 2010) (citing *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1380-81 (Fed. Cir. 2007); and *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1391 (Fed. Cir. 1982)).

*The Compensation Claim*

Contractors terminated for default may recover payment for work that was properly performed and accepted by the government prior to the termination. *Truckla Services, Inc.*, ASBCA Nos. 57564, 57752, 17-1 BCA ¶ 36,638 at 178,448 (citing *J.G. Enterprises, Inc.*, ASBCA No. 27150, 83-2 BCA ¶ 16,808 at 85,543; and *Ventilation Cleaning Engineers, Inc.*, ASBCA No. 18580, 74-2 BCA ¶ 10,873 at 51,754-55). We

5

interpret appellant's notice of appeal to include a claim of this nature. This aspect of the appeal also raises a jurisdictional issue. Upon receipt of the notice of appeal, we requested that appellant submit a copy of the claim it had submitted to the contracting officer seeking compensation for the work it had performed (SOF ¶ 6). Additional orders were issued directing appellant to prove to the Board that it had satisfied the jurisdictional prerequisite of having submitted a written claim to the contracting officer for decision prior to filing its appeal (SOF ¶¶ 8, 14). Appellant failed to respond, but the government in its motion suggested that appellant may have submitted a claim prior to filing the appeal. The Board directed the parties to address this possibility (SOF ¶ 14).

Appellant once again failed to respond. The government asserted that appellant's 7 December 2010 email did not constitute a proper claim because it had failed to state a sum certain. In this regard the government stated: "Because the appellant's December 7, 2010 email seeks 'about $71500 Dollars' it lacks a sum certain because the amount sought could be more or less than $71,500" (gov't 15 May 2017 ltr. at 2). We agree.

The requirement for a "sum certain" is not in the CDA, but is in the FAR. Section 2.101 of the FAR defines a "claim" as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain." *See Reflectone, Inc. v. Dalton,* 60 F.3d 1572, 1575 (Fed. Cir. 1995) (applying the FAR definition of "claim").[4] A substantially similar definition of "claim" appears in the contract's Disputes clause, FAR 52.233-1, incorporated by reference (gov't mot., ex. 1 at 18). We find appellant's email did not assert a sum certain. Qualifying language such as "about," or "at least" makes a sum uncertain and deprives the Board of jurisdiction. *PHA-JMR JV*, ASBCA No. 59032, 14-1 BCA ¶ 35,685 at 174,675-76 ("at least $173,831.00" for extended overhead costs is not a sum certain, appeal dismissed for lack of CDA jurisdiction); *J.P. Donovan Construction, Inc.,* ASBCA No. 55335, 10-2 BCA ¶ 34,509 at 170,171, *aff'd, J.P. Donovan Construction, Inc. v. Mabus,* 469 F. App'x 903 (Fed. Cir. 2012) ($559,764 subcontractor claim was a sum certain, however, appeal was dismissed for lack of jurisdiction due to the qualification "approximately $65,000" for prime contractor's added claim costs).

The fact that appellant is a *pro se*, non-United States contractor, whose personnel are likely to be unfamiliar with government contract law and have limited English speaking and writing abilities does not excuse the failure to comply with jurisdictional prerequisites. We have routinely required similarly situated appellants to comply with

---

[4] At the time of the *Reflectone* decision the definition was found at FAR 33.201. The FAR was reorganized subsequently and the definition, unchanged, is now found at FAR 2.101.

our jurisdictional prerequisites. *Pamir Zameen Construction and Logistic Co.*, ASBCA No. 60597, 17-1 BCA ¶ 36,683; *Golden Build Constr. Co.*, ASBCA No. 60652, 17-1 BCA ¶ 36,654; *Washington Star Constr. Co.*, ASBCA No. 60644, 16-1 BCA ¶ 36,556; *Genuine Constr. Co.*, ASBCA No. 60626, 16-1 BCA ¶ 36,553; *Lael Al Sahab & Co.*, ASBCA No. 58346, 13 BCA ¶ 35,394 at 173,663.

The appeal is dismissed for lack of jurisdiction.

Dated: 21 September 2017

CHRISTOPHER M. MCNULTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61031, Appeal of Elham Ahmadi Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals